IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40059
(Summary Calendar)
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESUS MANUEL GARZA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(M-99-CR-417-1)
--------------------
September 6, 2000

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Jesus Manuel Garza appeals his jury conviction for conspiracy to possess with intent to distribute cocaine. Garza argues that although the evidence shows that he did things that furthered the conspiracy, there is no evidence that Garza was ever shown cocaine and no evidence that the word cocaine was ever used in any conversations he had with Santana. He contends that there is insufficient evidence to prove that he knew that Santana intended to possess or distribute drugs or that he (Garza) was a knowing participant in the conspiracy.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"While an individual's mere presence around a drug deal does not make that individual a member of the conspiracy, a jury may find knowledgeable, voluntary participation from presence when the presence is such that it would be unreasonable for anyone other than a knowledgeable participant to be present." United States v. White, ___ F.3d ___ (5th Cir. Jul. 17, 2000, No. 98-40956), 2000 WL 987011 at * 5. It is extremely unlikely that the other conspirators would have trusted Garza to be the contact person in Rosenberg and to have the responsibility of guiding the shipments of cocaine to their final destination without the assurance that Garza was part of the conspiracy. His "presence and association are coupled with a total absence of rational, non-inculpatory explanations of the facts." United States v. Valdiosera-Godinez, 932 F.2d 1093, 1096 (5th Cir. 1991). Garza's knowledgeable participation in the conspiracy is an obvious and reasonable inference from his role alone. All that, plus the evidence of Garza's lies to the agents and his attempts to get Santana to change his statement, leads us to the unavoidable conclusion that the evidence was more than sufficient to sustain Garza's conviction.

AFFIRMED.